IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GALAXY CIS, LLC,,**

    Plaintiff,

vs.                                                                        Civ. No. 03-1453 JH/ACT

**LOS ALAMOS NATIONAL BANK,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon Los Alamos National Bank's ("LANB") Renewed Motion for Sanctions against Galaxy, CSI, LLC ("CSI") filed April 20, 2005. Docket No. 117. LANB is seeking sanctions against CSI and its legal counsel. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that LANB's Motion is not well taken and will be denied.

**Factual background**

This lawsuit arises out of the sale by LANB to CSI of assets that LANB foreclosed on when a third party borrower, Galaxy Computer Services, Inc. ("Galaxy"), defaulted on its loan repayment to LANB. The assets involved in this lawsuit are government contracts. CSI alleges that LANB breached its contractual obligations to return certain monies to it and breached certain warranties made by LANB in connection with the sale of the government contracts.

Galaxy is a government contractor. Because federal law precludes the assignment of government contracts without the express consent of the government agency involved, the agreement

1

between LANB and CSI was contingent upon CSI obtaining such consents.  More specifically, it provided for the money paid by CSI to LANB to be placed "into an interest bearing account (the "Escrowed Amount")" and stated that:

> [t]he Escrowed Amount shall be relased and delivered to the bank when CSI has received all consents, approvals and novaton necessary to assign the contracts with government entities or the rights thereunder to CSI, each such consent, approval or novation in form and substance satisfactory to CSI.  In the event CSI fails to obtain any such consent, approval or novation, on or before April 10, 2003, the Escrowed Amount and any interest thereon shall be returned to CSI and the Collateral shall be returned to the Bank unless otherwise agreed to in writing by CSI.

After the sale CSI notified the National Reconnaissance Office ("NRO") and Los Alamos National Laboratory ("LANL") that it had acquired Galaxy's contracts and wanted NRO's and LANL's consent, approval or novation from NRO and LANL.

LANB has sought certain discovery regarding the status of the contracts between Galaxy and NRO and Galaxy and LANL; CSI's efforts to obtain consents, approvals and novations of the contracts; and the responses by NRO and LANL.  CSI objected to these requests on the grounds that the information and documents sought involved national security issues and were classified as "top secret" or "secret."

LANB filed a motion to compel various discovery responses including the ones discussed above.  Docket No. 24.  On August 10, 2004, the Court granted in part and denied in part LANB's motion to compel.  Docket No. 69.  The Court found that CSI was attempting to assert the state secrets privilege.  In ruling on the objection the Court noted that the state secrets privilege may only be asserted by an appropriate governmental entity and ordered "CSI to inform the appropriate representatives from NRO and LANL that if they intend to intervene in this litigation to assert the state secret privilege they must do so by September 11, 2004." *Id.*

On August 11, 2004, LANB took the deposition of a CSI witness, William C. Bracken ("Bracken"). LANB counsel asked Bracken a question regarding the identity of a Defense Contractor Audit Agency employee. CSI counsel objected on the grounds of the state secrets privilege and instructed Bracken not to answer. At the deposition of Douglas Edward Carr ("Carr"), Carr testified that the contract between NRO and CSI was a classified contract. On August 12, 2004, Gary W. Sullivan ("Sullivan"), a CSI witness, testified to the same.

On September 9, 2004, Assistant General Counsel of NRO, Ed Doster ("Doster") sent a letter to the Court advising that NRO would not intervene in this matter to assert a state secrets privilege and proposed that NRO provide CSI with a redacted copy of the Statement of Work. Affidavit of Matt Hoeg, Exhibit D, CSI's response.

LANB filed a second motion to compel on July 25 2004. Docket No. 59. The Court found that this motion was moot because CSI had agreed to supplement its responses. Docket No. 79. CSI agreed to obtain the documents at issue, redacted if necessary, from NRO and LANL. If LANB was not satisfied with the documents produced, LANB would be allowed to file another motion to compel. *Id*.

Apparently Doster left NRO without producing the redacted Statement(s) of Work. Through another Assistant General Counsel for NRO, Patricia Batt, the documents were produced to LANB on October 21, 2004.

On November 4, 2004, LANB renewed its motion to compel. Docket No. 91. On December 14, 2004, the Court granted in part and denied in part the motion. Docket No. 106. The Court overruled the state secrets privilege and ordered CSI to produce those documents within 30 days. *Id.* The LANL documents were timely produced. CSI provided the Court Order to NRO; however

NRO responded stating that the information was classified and therefore could not be produced.

On December 14, 2004, CSI and LANB requested the Court to reconsider the December 14, 2004 Order. Docket Nos. 108 and 111. On January 14, 2005, the Court held a telephonic hearing. At the hearing the Court did not rescind the December 14, 2004 Order. However, the Court acknowledged that NRO and "not necessarily" CSI was causing the problem. January 14, 2005, transcript, p. 10. The Court permitted LANB to subpoena the documents at issue in connection with depositions of two NRO representatives. *Id*. at 12. In addition, the Court indicated it was "not inclined" to enter sanctions at this point. *Id*. at 13.

On January 14, 2005, the Court entered an Order [Docket No. 113] permitting LANB to depose Michael Williams, Bill Bolingbroke ("Bolingbroke") and Mark Kray Backus ("Backus"), contact persons at NRO and LANL. The Order also denied LANB's previous request for sanctions.

On February 11, 2005, Backus, Senior Contract Specialist III for LANL, testified that LANL contracts produced by CSI in October of 2004 were not classified. Bolingbroke, NRO contracting officer, was deposed on February 24, 2005. Prior to the deposition NRO produced 684 pages of documents concerning the contractual relationship with NRO and Galaxy as well as the contractual relationship with NRO and CSI. NRO redacted classified information from 524 pages. Bolingbrooke testified that the unredacted documents and the portions of the documents that were not redacted were not classified.

## Discussion

LANB asserts that CSI and its attorneys should be sanctioned because the information and documents that CSI objected to disclosing did not contain classified information.

4

The Court finds that sanctions are not appropriate. The Court overruled CSI's objection that the information and documents at issue were protected under the state secrets privilege on December 14, 2004. The Court ordered CSI to produce the documents within 30 days. The LANL documents were timely produced after LANL reviewed the documents.[1] LANB asserts that because the LANL documents were produced without redaction, CSI should be sanctioned for asserting the state secrets privilege. The Court finds that CSI's objection asserting the state secrets privilege was made in good faith. Fed.R.Civ.P. 26(g)(2). Federal law makes it unlawful for a person or entity in possession of information or documents "relating to the national defense" to communicate, deliver, or transit that information "to any person not entitled to receive it." 18 U.S.C. § 793(d). This statute applies to any information relating to the national defense that is not generally accessible to the public, regardless of whether that information is, technically, "classified" information. *See, e.g., United States v. Alle*n, 31 M.J. Reporter 572 (NMCMR) (1990), *aff'd after review*, 33 M.J. Reporter 209, *cert. denied*, 503 U.S. 936 (1992). Because of legitimate concerns regarding the potential violation of federal law, it is understandable that CSI asserted the privilege.

The affidavits submitted by CSI demonstrate that CSI properly did not produce the NRO documents. Carr, Director of Operations for CSI, stated in his affidavit that:

> NRO has "consisently told me that they consider all information regarding the work that CSI performs for the NRO and the contracts to be classified as secret or sensitive."

> "The NRO contract is contained within a secured area and is not allowed to be removed from the secured area to an unsecured area. CSI is allowed access to the copy of the NRO contract within the confines of hte secured work area where it is stored."

---

[1] LANL "stated that they wanted to review the documents before allowing them to be produced." Affidavit of W. Earl Touchstone, Exhibit E, CSI's Response.

> "CSI does not have the authority to redact governmental documents so that they could be produced. The NRO documents that were produced with certain portions redacted could only be redacted by the NRO or other governmental agency. CSI could not produce the documents which were produced by the NRO."

Affidavit of Carr, Exhibit A, CSI's Response.

The Affidavit of Sullivan states in part:

"The unredacted NRO contract is classified and cannot be produced absent approval of the governmental entity."

"Once redacted, the previously classified documents become declassified."

Affidavit, Sullivan, Exhibit B, CSI's Response.

After receiving the Court Order ordering production, NRO told CSI not to produce the documents because they were classified. On February 24, 2005, NRO produced the documents to LANB just prior to the deposition of Bolingbroke. NRO redacted information from 76% of the pages produced. A security officer from NRO assisted Bolingbroke during the deposition to ensure he did not disclose classified information.

The record demonstrates that CSI produced LANL documents pursuant to the Court's Order overruling CSI's assertion of the state secret privilege and NRO produced the documents after NRO redacted the classified information.

LANB also asserts that the instruction given to Bracken at his deposition taken on August 11, 2004 not to reveal the identity of a "Defense Contractor Audit Agency" employee was a willful violation of the August 10, 2004 Order. The August 10, 2004 Order did not overrule CSI's objection based on the state secrets privilege. Docket No. 69. The objection was overruled for the first time in the Court's November 4, 2004 Order. Docket No. 91.

LANB contends that Carr and Sullivan gave false testimony when they testified that the NRO contract was a "classified" document. The record demonstrates that prior to redaction, it was considered a classified document. The NRO contract was produced after the classified material was redacted.

LANB further contends that CSI improperly failed to produce certain documents, specifically a document entitled "Amendment of Solicitation/Modification of Contract" dated June 4, 2004, "Amendment 19 to the Galaxy/NRO Contract" dated November 19, 2004, a letter from NRO contracting officer to CSI dated June 18, 2003 and CSI's response and the "Award/Contract dated July 10, 2003. Again, these documents were produced after they had been redacted by NRO.

Finally, LANB contends that CSI improperly failed to produce a September 12, 2003 termination notice that NRO sent to Galaxy. CIS did not have a copy of this document prior to NRO production in connection with Bolingbroke's deposition.

To conclude, the Court finds that CSI's concern about producing the document because of a possible state secrets privilege was warranted by the circumstances and existing law. Fed.R.Civ.P. 26(g)(3). The Court further finds that CSI timely produced the LANL documents at issue. As to NRO documents, the record supports the Court's conclusion that NRO and "not necessarily" CSI caused the delay in production of NRO documents. Thus, sanctions pursuant to Fed.R.Civ.P. 37 are not appropriate against CSI or its attorneys

**IT IS THEREFORE ORDERED** that Los Alamos National Bank's Renewed Motion for Sanctions against Galaxy CSI, LLC [Docket No. 117] is denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**